UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE YODER, DRONE DEER RECOVERY
MEDIA, INC., and JEREMY FUNKE,

    Plaintiffs,

v.

SHANNON LOTT, in her official capacity as
Acting Director of the Michigan Department of
Natural Resources,

    Defendant.

                                                                             /

No. 1:23-cv-00796

HON. PAUL L. MALONEY

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT, DEFENSES, AND AFFIRMATIVE DEFENSES

### INTRODUCTION

1.     Defendant admits that the company Drone Deer Recovery Media, Inc. finds deer carcasses using drones—but that is not the only thing it does. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2.     Defendant admits that taking an animal includes following and collecting an injured animal, and that Mich. Comp. Laws § 324.40111c prohibits the use of a drone to take an animal. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

3.     Defendant denies these allegations.

## JURISDICTION AND VENUE

4. Defendant admits that Plaintiffs are bringing this suit under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983; however, Defendant denies that Plaintiffs have standing or have stated a valid claim. Further, Defendant denies that this Court has subject matter jurisdiction. Defendant also denies that Plaintiffs are entitled to any relief authorized by the Declaratory Judgment Act.

5. Defendant admits that if this Court had subject matter jurisdiction, then venue would be proper. However, Defendant denies that Plaintiffs have established that this Court has subject matter jurisdiction.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Admit.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

9. Shannon Lott was the acting director of the Michigan Department of Natural Resources at the time the complaint was filed. But as of September 5, 2023, the director of the Michigan DNR is now Scott Bowen.

## FACTUAL ALLEGATIONS

### Plaintiffs Mike Yoder, Drone Deer Recovery, and Jeremy Funke

10. Defendant admits that the company Drone Deer Recovery Media, Inc. finds deer carcasses using drones—but that is not the only thing it does. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

### Drone Deer Recovery and the Game Recovery Process

16. Defendant admits that if a hunter shoots a deer but does not do so in a way that promptly kills the deer, the deer will generally run away, and the hunter must locate the deer if they wish to collect the deer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

18. Defendant denies that hunters are normally allowed to take only one deer per season. Defendant also denies that a wounded deer is "needlessly wasted" if a human fails to collect it since other living organisms will consume the deer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19. Defendant admits that hunters may use tracking dogs to locate deer that have been shot, if done so in accordance with the law, but denies that trail cameras are used for this purpose in any meaningful way. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

**DNR's Interpretation of Michigan's Drone Statute Renders Plaintiffs' Activities Illegal**

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendant admits that it has advised persons who have inquired that under Michigan law, taking an animal includes following and collecting an injured animal, and that Mich. Comp. Laws § 324.40111c prohibits the use of a drone to take an animal. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

29. Admit.

30. Admit.

31. Admit.

32. Defendant admits that the use of a drone to "kill; chase; follow; harass; harm; pursue; shoot; rob; trap; capture; or collect animals, or to attempt to engage in such an activity" under Mich. Comp. Laws § 324.40104(1), constitutes the type of "using" of an "unmanned device" to "take game" that is prohibited by Mich. Comp. Laws § 324.40111c(2). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5

## CAUSE OF ACTION

33. Defendant similarly incorporates its responses to all preceding paragraphs.

34. Denied.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation regarding how a drone operates. Defendant denies the rest of the allegations in this paragraph.

42. Denied.

## CONCLUSION AND RELIEF REQUESTED

The Defendant requests that the Court deny the Plaintiffs' requests for relief and dismiss its complaint in its entirety. The Defendant also requests any other relief the Court considers appropriate, including the costs and fees—both attorney and expert—the Defendant has and will incur defending this lawsuit.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Defendant may rely on one or more of the following defenses, which may be revised or supplemented following discovery and as permitted by the court rules and this Court:

1. This court lacks subject matter jurisdiction.

2. This suit is not ripe for adjudication.

3. Plaintiffs do not have standing to bring this suit.

4. Plaintiffs have failed to state a claim on which relief can be granted.

5. Plaintiffs' alleged speech is not the type of speech protected by the First Amendment.

6. Michigan has a significant, substantial, and compelling interest in prohibiting the use of drones to take game animals; its law serves that interest; and the law is sufficiently tailored to serve that interest such that less restrictive measures would not serve that interest.

7. The Defendant reserves the right to assert any affirmative or other defense as may become known during the course of this litigation and on completion of discovery and investigation into the allegations contained in Plaintiff's complaint.

Respectfully submitted,

/s/ *Nathan A. Gambill*
Nathan A. Gambill (P75506)
Echo Aloe (P86363)
Assistant Attorneys General
Attorneys for Defendant
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909

Dated:  September 25, 2023

(517) 335-7664
gambilln@michigan.gov
aloee1@michigan.gov

LF:  Yoder, Drone Deer Recovery (v EGLE) WD/AG# 2023-0383182-A/Defendant's Answer to Complaint, Defenses and Affirmative Defenses 2023-09-25