UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YODER, et al.,

    Plaintiffs,

vs.

SHANNON LOTT, in her official capacity as Acting Director of the Michigan Department of Natural Resources.,

    Defendant.

Case No. 1:23-CV-796

HON. PAUL L. MALONEY

DONNA G. MATIAS, Cal. Bar No. 154268
Email: DMatias@pacificlegal.org
ANDREW QUINIO, Cal. Bar No. 288101
Email: AQuinio@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for October 31, 2023, before the Hon. Sally J. Berens.

Appearing for the parties as counsel will be:

For Plaintiffs:

Donna Matias
Andrew Quinio
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814

For Defendant:

Nathan A. Gambill
Echo Aloe
Michigan Assistant Attorneys General
P.O. Box 30755
Lansing, MI 48909

1. Jurisdiction:

The basis for the Court's jurisdiction is:

Plaintiffs' Statement:

This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a) (redress for deprivation of civil rights).

Defendant's Statement:

Because the justiciability doctrines of standing and ripeness are jurisdictional, and Plaintiffs may not satisfy those doctrines, this Court may not have jurisdiction.

2. <u>Jury or Non-Jury</u>: This case is to be tried by the Court as a trier of law and fact.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, or to order the entry of final judgment.

4. <u>Statement of the Case</u>:

<u>Plaintiffs' Statement</u>:

This case involves the right of Plaintiffs to collect, communicate, and receive information under the First Amendment to the United States Constitution. Plaintiffs Mike Yoder and Drone Deer Recovery have the right to collect and disseminate information about downed deer to their clients using unmanned aerial vehicles. Plaintiff Jeremy Funke has the right to receive such information. Mich. Comp. Laws § 324.40111c, which Defendant enforces, violates those rights. Plaintiffs seek to vindicate their free speech rights by enjoining Defendant from enforcing Section 324.40111c in a manner that prevents the creation, dissemination, and receipt of information about downed deer by Plaintiffs.

<u>Defendant's Statement</u>:

Michigan's constitution requires the State to conserve the people's natural resources, which includes wildlife. The concept of fair chase—that animals are entitled to a fair chance to escape hunters—is the prevailing ethic of hunting laws in

3

North America, including those in Michigan. The State has a compelling governmental interest in preserving the doctrine of fair chase as part of its constitutional mandate to conserve natural resources. The use of drones violates that doctrine by giving hunters an unfair advantage. Further, the type of information at issue here is not the type of speech the drafters of the First Amendment intended to protect with that amendment. And Plaintiffs likely do not satisfy Article III's case or controversy requirement.

5. Prospects of Settlement:

The status of settlement negotiations is:

Plaintiffs' Statement:

Plaintiffs are open to receiving any settlement offers that Defendant may extend but cannot agree to any offer that precludes Plaintiffs from exercising their First Amendment rights.

Defendant's Statement:

Defendant cannot change Michigan's statute, nor can she treat Plaintiffs differently than other similarly situated persons.

6. Pendent State Claims:

This case does not include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings:

The parties expect to file all motions for joinder of parties to this action and

to file all motions to amend the pleadings by February 1, 2024.

8. Disclosures and Exchanges:

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

Plaintiffs' Initial Disclosures: October 25, 2023.

Defendant's Initial Disclosures: November 8, 2023.

(b) Defendant expects to be able to furnish the names of Defendant's expert witness(es) by December 1, 2023. The Plaintiffs expect to be able to furnish the names of Plaintiffs' rebuttal expert witness(es) by December 15, 2023.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

Defendant's Expert Report: March 15, 2024.

Plaintiffs' Rebuttal Expert Report: April 15, 2024.

(d) The parties have agreed to make available the following documents without the need of a formal request for production:
The parties are unable to agree on voluntary production at this time.

9. Discovery: The parties believe that all discovery proceedings can be

5

completed by <u>May 31, 2024</u>.

The parties recommend the following discovery plan: the parties will complete discovery in accordance with the Court's presumptive limitations and pursuant to the Federal Rules.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties plan to utilize a file-sharing service to exchange documents produced in discovery. All documents produced will be Bates stamped.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered confidential information or otherwise protected under any protective order that may be entered in this case, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. The following terms and conditions apply in the case of inadvertent production of any information or document subject to this provision:

    **Reasonable Care.** The party that inadvertently disclosed the

information or document need not demonstrate that it engaged in reasonable care for this clawback provision to apply.

**Request to Return or Destroy.** Any party receiving any such information or document shall return or destroy it upon request from the producing party unless the information is produced in accordance with a stipulation concerning confidentiality, in which case the party shall also comply with any applicable provisions of such stipulation regarding return or destruction of documents. Upon receiving such a request as to specific information or documents, the receiving party shall return or destroy the information or documents to the producing party within eight (8) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection, and/or other statutory protection.

**Disclosure Prior to Notice.** Disclosure of the information or document by the other party prior to such later designation as attorney-client privileged, attorney work product, or statutory protection shall not be deemed a violation of the provisions of this stipulation or the court's order.

**Non-ESI.** The Parties intend for this provision to apply to all documents or information exchanged during discovery, including documents or information not exchanged as ESI.

**Fed. R. Evid. 502.** This clawback provision shall be interpreted to provide the maximum protection permitted under Fed. R. Evid. 502.

12.   <u>Motions</u>:  The parties acknowledge that W.D. Mich. LCivR 7.1(d)

7

requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good–faith effort to resolve the dispute.  In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by the parties: Motions for Summary Judgment.

The parties anticipate that all dispositive motions will be filed by July 22, 2024.

13. Alternative Dispute Resolution:

The parties decline alternative dispute resolution at this time.

14. Length of Trial:   Counsel estimate the trial will last approximately four days total, allocated as follows:   two days for Plaintiffs' case, two days for Defendant's case.

15. Electronic Document Filing System:

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must file documents electronically but

8

serve *pro se* parties with paper documents in the traditional manner.

    16.    Other:

Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

None.

DATED: October 25, 2023.        Respectfully submitted,

                DONNA G. MATIAS
                ANDREW QUINIO
                Pacific Legal Foundation

                By  /s/ Donna G. Matias
                DONNA G. MATIAS
                CSB#154268

                *Attorneys for Plaintiffs*
                MIKE YODER, DRONE DEER
                RECOVERY MEDIA, INC., and
                JEREMY FUNKE


                NATHAN A. GAMBILL
                ECHO ALOE
                Office of the Michigan Attorney General


                By  /s/ Echo Aloe
                ECHO ALOE (P86363)

                *Attorneys for State Defendant*
                SHANNON LOTT

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Donna G. Matias
DONNA G. MATIAS