EXHIBIT 1 to DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
Case 1:23-cv-00795-RJJ-SJB  ECF No. 25-1, PageID.123  Filed 02/15/24  Page 1 of 3

S.B. 54 & 55:
ANALYSIS AS ENROLLED




Senate Fiscal Agency
P. O. Box 30036
Lansing, Michigan 48909-7536

BILL ANALYSIS

Telephone: (517) 373-5383
Fax: (517) 373-1986

Senate Bills 54 and 55 (as enrolled)
Sponsor:  Senator Tom Casperson (S.B. 54)
          Senator Phil Pavlov (S.B. 55)
Senate Committee:  Outdoor Recreation and Tourism
House Committee:  Tourism and Outdoor Recreation

Date Completed:  4-2-15

## RATIONALE

There is concern that some people might use unmanned aerial vehicles (UAVs) or unmanned submersible vehicles to disrupt lawful hunting and fishing. People for the Ethical Treatment of Animals (PETA), for example, has begun selling "Air Angels" drones, encouraging users to monitor hunters for potentially illegal activity. Some believe that these devises could be used to interfere with lawful hunting or fishing. There is also concern that hunters or anglers could use UAVs or unmanned submersible vehicles to aid in taking game or fish. Many hunters and others believe that this would violate fair-chase principles and take away from the spirit and tradition of ethical hunting and fishing.

## CONTENT

**Senate Bill 54** would amend Part 401 (Wildlife Conservation) of the Natural Resources and Environmental Protection Act to prohibit the use of an unmanned vehicle or unmanned device that uses aerodynamic forces to achieve flight or that operates on the surface of the water or underwater to interfere with or harass an individual who was lawfully taking an animal or fish.

**Senate Bill 55** would amend Part 401 to prohibit an individual from taking game using an unmanned vehicle or unmanned device that uses aerodynamic forces to achieve flight or that operates on the surface of the water or underwater.

An individual who violated the prohibitions under either bill would be subject to misdemeanor penalties prescribed in Part 401.

The bills are tie-barred and would take effect 90 days after being signed into law.

### Senate Bill 54

Part 401 prohibits an individual from obstructing or interfering in the lawful taking of animals by another individual, and prescribes actions that constitute a violation of this prohibition when the person acts knowingly or intentionally. These actions include driving or disturbing animals for the purpose of disrupting a lawful taking; blocking, impeding, or harassing another person who is engaged in the process of lawfully taking an animal; and using a natural or artificial visual aural, olfactory gustatory, or physical stimulus to affect animal behavior in order to hinder or prevent the lawful taking of an animal. An individual who violates the prohibition is guilty of a misdemeanor punishable by imprisonment for a maximum of 93 days and/or a fine of not less than $500 or more than $1,000, plus the costs of prosecution. A second or subsequent violation is a misdemeanor punishable by imprisonment for up to one year and/or a fine of $1,000 to $2,500, plus the costs of prosecution. Additionally, any permit or license issued by the Department of Natural Resources authorizing the individual to take animals must be revoked.

The bill would include among the illegal actions using an unmanned vehicle or unmanned device that uses aerodynamic forces to achieve flight or that operates on the surface of the water or underwater to affect animal or fish behavior in order to hinder or prevent the lawful taking of an animal or a fish.

In addition, the bill would amend Part 487 (Sport Fishing) to revise language that gives the Natural Resources Commission the exclusive authority to regulate "the taking of fish in this state". In these provisions, the bill would refer instead to the regulation of sport fishing under Part 487.

### Senate Bill 55

The bill would prohibit an individual from taking game using an unmanned vehicle or unmanned device that uses aerodynamic forces to achieve flight or that operates on the surface of the water or underwater.

Part 401 prescribes general penalties that apply to violations for which no penalty is specified. As a rule, a person who violates Part 401 regarding the possession or taking of game is guilty of a misdemeanor punishable as shown below.

| Type of Game | Fine | Imprisonment |
|---|---|---|
| Deer, bear, wild turkey, wolf[1] | $200-$1,000 | 5-90 days |
| Elk[2] | $500-$2,000 | 30-180 days |
| Moose[1] | $1,000-$5,000 | 90 days-1 year |
| All other game[2] | $100-$1,000 | 90 days maximum |

[1]The violation is punishable by a fine and imprisonment
[2]The violation is punishable by a fine or imprisonment, or both

Enhanced misdemeanor penalties apply if the offender has been convicted of violating Part 401 twice within the preceding five years.

MCL 324.40112 & 48703a (S.B. 54)
    324.40111c (S.B. 55)

### ARGUMENTS

*(Please note:  The arguments contained in this analysis originate from sources outside the Senate Fiscal Agency. The Senate Fiscal Agency neither supports nor opposes legislation.)*

**Supporting Argument**
Senate Bill 54 would clarify existing law that makes it illegal to harass hunters and anglers. Specifically, the bill would make it illegal to use unmanned aerial vehicles or unmanned vehicles on the surface of water or underwater to affect animal or fish behavior in order to interfere with lawful hunting or fishing. Although there have been no documented cases of this activity in the State, the devices are a new technology and groups such as PETA have already been encouraging their members to use the technology. There is concern that a person could use an unmanned vehicle to interfere with taking game, by maneuvering a UAV to block a hunter's shot, for instance, or scaring away the game. The law should be updated to prevent this type of activity before it becomes a problem.

**Supporting Argument**
The Wildlife Conservation Order, which is issued by the Michigan Natural Resources Commission, already prohibits using aircraft to aid in taking a wild bird or wild animal. Although it is not clear whether this applies to an unmanned aerial vehicle, Senate Bill 55 would be consistent with the Order and clarify in statute that using a UAV to hunt would be illegal. Codifying the prohibition would ensure that it could not be reversed except by legislation.

The bill also would be consistent with fair chase principles, which are considered to be ethical guidelines for hunting.  Fair chase principles  include not using  aircraft to spot an animal and not

using aircraft or motorized vehicles to herd or chase prey. Use of electronic communication devices also is prohibited. Fair chase principles would be violated if, for example, a hunter used an unmanned aerial vehicle to spot a deer or to chase or herd the deer toward the hunter for an easier kill. The bill would not ban hunting and fishing aids such as trail cameras and depth finders. These items still require a degree of hunting or fishing skill to be used effectively, and the devices do not fall under the terms used in the bills.

Other states, such as Alaska, Montana, and Colorado, reportedly have already banned the use of drones in hunting. Idaho and Wisconsin reportedly consider drones covered under current regulations that prohibit the use of aircraft to hunt, harass hunters, or to disturb wildlife. It is also reported that local hunting groups have petitioned wildlife officials to outlaw UAVs in Wyoming, New Mexico, and Vermont.

Legislative Analyst:  Ryan M. Bergan

**FISCAL IMPACT**

The bills would have no fiscal impact on State government. The penalties associated with an increase in misdemeanor convictions would have a financial cost to local jails and court systems to prosecute violations and administer the sentences. Any associated fine revenue collected from convicted offenders would be directed to local public libraries.

Fiscal Analyst:  John Maxwell

SAS\A1516\s54ea
This analysis was prepared by nonpartisan Senate staff for use by the Senate in its deliberations and does not constitute an official statement of legislative intent.

Page 3 of 3		Bill Analysis @ www.senate.michigan.gov/sfa		sb54&55/1516